UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONOCLE, INC., <br> d/b/a BLUE STINGRAY, <br><br> Plaintiff, <br><br> v. <br><br> ONLINE GUN DEALER, LLC, <br> d/b/a MR. GUN DEALER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:17cv02292 PLC <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Online Gun Dealer, LLC, d/b/a Mr. Gun Dealer's motions (1) to strike the demand of Plaintiff Monocle, Inc. d/b/a Blue Stingray for an award of attorneys' fees [ECF No. 7] and (2) for leave to file a counterclaim [ECF No. 10]. Plaintiff has not responded to Defendant's motions.

### Background

Plaintiff originally filed this lawsuit in the Circuit Court for the City of St. Louis, Missouri.[1] Defendant removed the lawsuit to this Court on the basis of this Court's original diversity jurisdiction.[2] 28 U.S.C. §§ 1332 and 1441(a).

In its petition, Plaintiff alleges the parties entered into a written contract in August 2016 (referred to as "the Initial Contract") for Plaintiff to provide to Defendant and support Defendant's use of "the Odoo Enterprise Resource Program (ERP)."[3] The parties allegedly

---

[1] See Monocle, Inc. d/b/a Blue Stingray v. Online Gun Dealer, LLC d/b/a Mr. Gun Dealer, Case No. 1722-CC01383 (filed May 23, 2017 St. Louis City Cir. Ct.).

[2] See Notice of Removal, filed Aug. 22, 2017 [ECF No. 1].

[3] Pl.'s Pet'n ¶ 1 [ECF No. 2].

modified the Initial Contract to include, in relevant part, Plaintiff's sale to Defendant of "the Magento ecommerce system (Ecommerce)" and "numerous modifications made by Defendant to both the ERP and Ecommerce systems (Contract)."[4]  Plaintiff further alleges that "[t]he Initial Contract . . . states in pertinent part:  In case collection proves necessary, [Defendant] agrees to pay all fees incurred as a result of the collection process."[5]  Defendant allegedly owes Plaintiff a total of $125,556.45 for products and services Plaintiff provided under the parties' agreement.[6] The alleged total amount due includes (1) $73,259.00 for products and services Plaintiff provided during the period August 4, 2016 through December 6, 2016 that Defendant initially paid by credit card and then had the payments reversed; and (2) $52,297.45 billed by Plaintiff on December 28, 2016 that Defendant has not yet paid.[7]

In its three-count petition, Plaintiff seeks monetary relief from Defendant based on breach of contract (Count I), quantum meruit (Count II), and promissory estoppel (Count III). Specifically, in each count, Plaintiff seeks a judgment in its favor for the total amount of $125,556.45 allegedly due from Defendant, plus costs, prejudgment interest, and attorney's fees.[8]

### Motion to strike attorney's fees

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant moves to strike Plaintiff's demand for an award of attorney's fees in each of the three counts.  Defendant argues "[a] prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the

---

[4] Pl.'s Pet'n ¶ 2 [ECF No. 2].

[5] Pl.'s Pet'n ¶ 6 and ¶ 14 [ECF No. 2]; see also ¶ 5 of copy of contract attached to Petition [ECF No. 2-1].

[6] Pl.'s Pet'n 2-3 [ECF No. 2].

[7] Pl.'s Pet'n 2-3 [ECF No. 2].

[8] Pl.'s Pet'n at 4-5 (Count I), 5 (Count II), and 6 (Count III) [ECF No. 2].

maximum recovery permitted by law, is properly subject to a motion to strike. Johnson v. Metropolitan Sewer Dist., 926 F. Supp. 874, 875 (E.D. Mo. 1996)."[9]

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[10] While district courts have "broad discretion" in resolving a motion to strike under Rule 12(f), the United States Court of Appeals for the Eighth Circuit views motions to strike "with disfavor and [recognizes motions to strike] are infrequently granted." Stanbury Law Firm, P.A. v. Internal Revenue Serv., 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam) (internal quotation marks omitted) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). This Court has granted a motion to strike a plaintiff's demand for attorney's fees when there is no statutory or contractual basis for an attorney's fee award. Fainer v. State Farm Mut. Auto. Ins. Co., No. 4:08cv01536 AGF, 2008 WL 5263779 (ED. Mo. Dec. 18, 2008) (granting motion to strike the plaintiff's demand for attorney's fees because the plaintiff did not specify "any contractual or statutory basis for attorney's fees, [and did not] assert[] a claim under which such fees might be recovered").[11]

"In a diversity action, state law governs the availability of attorney's fees where no conflicting federal statute or court rule applies." FutureFuel Chem. Co. v. Lonza, Inc., 756 F.3d 641, 649 (8th Cir. 2014) (citing Burlington N. R.R. Co. v. Farmers Union Oil Co., 207 F.3d 526, 534 (8th Cir. 2000)); accord East Iowa Plastics, Inc. v. PI, Inc., 832 F.3d 899, 908 (8th Cir. 2016). Because no conflicting federal statute or rule applies to the award of attorney's fees in this

---

[9] Def.'s mem. sup. Def.'s mot. strike at 1 [ECF No. 8].

[10] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996).

[11] See also Coulter Corp. v. Leinert, 869 F. Supp. 732, 736 (E.D. Mo. 1994) (striking a demand for attorney's fees that the plaintiff agreed was "not proper"); cf. Tinder v. Lewis Cty. Nursing Home Dist., 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001) (denying the defendants' motion to strike an attorney's fees request upon finding the plaintiffs would be entitled to an award of attorney's fees under 42 U.S.C. § 1983 if they prevailed in the case).

lawsuit, the Court looks to Missouri authority to resolve whether Plaintiff may obtain an award of attorney's fees on each of his three state law claims.

Defendant argues Plaintiff is not entitled to attorney's fees for the breach of contract claim (Count I) because the parties' contract does not have a provision for attorney's fees.[12] In the petition, however, Plaintiff alleges that the parties' Initial Contract provides that "[i]n case collection proves necessary, [Defendant] agrees to pay all fees incurred as a result of the collection process."[13] The contract attached to the petition includes this provision.[14]

Missouri case law holds that a party must pay "attorney's fees in addition to the principal and interest due" when an agreement provides that "any collection fees incurred . . . would be paid" by the party obligated to pay unpaid amounts due under the agreement. Ulreich v. Kreutz, 876 S.W.2d 726, 730 (Mo. Ct. App. 1994) (citing Henty Constr. Co. v. Hall, 783 S.W.2d 412, 417-18 (Mo. Ct. App. 1989)). Here, the parties' agreement requires the payment of "all fees incurred as a result of the collection process," which arguably includes attorney's fees under Ulreich, supra. At this stage of the proceedings, the Court denies Defendant's motion to strike Plaintiff's demand for an award of attorney's fees from the breach of contract claim.

Defendant also moves to strike Plaintiff's demand for attorney's fees in the quantum meruit claim (Count II) on the ground that quantum meruit "is based in tort and not eligible for attorney's fees."[15] Defendant does not cite authority in support of this argument.

Under Missouri law, "[q]uantum meruit is a remedy for the enforcement of a quasi-contractual obligation and is based primarily on the principle of unjust enrichment." Radiance

---

[12] Def.'s mem. sup. Def.'s mot. strike at 2 [ECF No. 8].

[13] Pl.'s Pet'n ¶ 6 and ¶ 14 [ECF No. 2].

[14] See ¶ 5 of copy of contract attached to Petition [ECF No. 2-1].

[15] Def.'s mem. sup. mot. strike at 2 [ECF No. 8].

4

Capital Receivables Eighteen, LLC v. Concannon, Case No. 2:16-cv-04280-NKL, 2017 WL 4169629, at *10 (W.D. Mo. Sept. 20, 2017). A plaintiff may plead a quantum meruit claim alternatively to a breach of contract claim. Id. When, however, "there is an enforceable contract governing the rights and obligations of the parties" there is "no cause of action for quantum meruit . . . under Missouri law." Id. (citing Burrus v. HBE Corp., 211 S.W.3d 613, 619 (Mo. Ct. App. 2006)). Based on this authority, including the summary of the elements of a quantum meruit claim set forth in Concannon, supra, this Court characterizes a quantum meruit claim under Missouri law as more akin to a contract claim than to a tort claim. Because Defendant's motion to strike Plaintiff's demand for attorney's fees is based solely on Defendant's characterization of the quantum meruit claim as a tort, the Court denies Defendant's motion to strike the demand for attorney's fees.

Defendant moves to strike Plaintiff's demand for an award of attorney's fees in the promissory estoppel claim (Count III) because the claim "is based in contract and not eligible for attorney's fees as the contract does not contain a provision for attorney's fees."[16] However, this Court concluded above that the parties' contractual agreement arguably provides for an award of attorney's fees incurred in an effort to collect the amount due. Therefore, the Court denies Defendant's motion to strike with respect to Plaintiff's demand for attorney's fees in the promissory estoppel claim.

**Motion to file counterclaim**

---

[16] Def.'s mem. supp. Def.'s mot. strike at 2 [ECF No. 8].

Defendant moves for leave to file, under Rule 15(a), a counterclaim that is attached to the motion.[17] In its counterclaim, Defendant asserts claims for fraudulent misrepresentation, negligent misrepresentation and breach of contract arising out of the same set of facts and circumstances that give rise to the claims in Plaintiff's complaint.

Rule 15(a)(2) allows a litigant to amend its pleading with leave of court, which a court "should freely give . . . when justice so requires." In exercising its discretion, "[a] district court appropriately denies . . . leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "Duplicative and frivolous claims are futile." Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013). Importantly, a court may "not consider the likelihood of success unless the claim is 'clearly frivolous.'" Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 944 (8th Cir. 2000) (quoting Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981)).

Having reviewed the proposed counterclaim, the Court finds that the allegations and claims in the proposed counterclaim arise out of the same facts and circumstances set forth in Plaintiff's petition. Additionally, there is nothing in the record before the Court demonstrating undue delay, bad faith, dilatory motive, or undue prejudice to Plaintiff. Nor has Defendant previously proposed amendments to its answer. Finally, the claims set forth in the proposed counterclaim do not appear clearly futile. Under the circumstances, the Court grants Defendant leave to file its counterclaim. Accordingly, after careful consideration,

---

[17] See Def.'s counterclaim [ECF No. 10-1].

**IT IS HEREBY ORDERED** that Defendant's motion to strike [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file counterclaim [ECF No. 10] is **GRANTED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of December, 2017